```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE WACKENHUT CORPORATION,          :
                                    :
                    Plaintiff,      :   07 CIV 9703
                                    :
          - against -               :   **ORDER**
                                    :
SERVICE EMPLOYEES INTERNATIONAL     :
UNION,                              :
                                    :
                    Defendant.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

In reviewing the Complaint filed in this matter the Court has noted that plaintiff The Wackenhut Corporation ("Wackenhut") asserts that it is a Florida corporation with its headquarters in Florida, and that defendant Service Employees International Union ("SEIU") is a labor organization with its headquarters in Washington, D.C. The complaint indicates that the events that gave rise to the action occurred in connection with an alleged campaign of extortion against Wackenhut organized by the SEIU in combination with several other organizations and individuals located through the United States, including: Trevelyan Group, LLC, a communications consulting corporation with its principal place of business in Scottsdale, Arizona; Prewitt Organizing Fund ("Prewitt"), a District of Columbia not-for-profit organization that provides services to unions; Direct Organizing Group LLC, a District of Columbia corporation allegedly controlled by the president of Prewitt, who is also based in Washington, D.C.; Pamela Kiefer, a consultant based in McLean, Virginia; and Stand for Security Coalition, an organization aligned with SEIU that operates in cities throughout

the country. Although the complaint describes some underlying activities that occurred in New York, it appears that in major part the core of operative facts and material events, documents, persons and potential witnesses related to this action are located in or around the District for the District of Columbia. Accordingly, it is hereby

**ORDERED** that to aid the Court's assessment of whether, for the convenience to the parties and witnesses, in the interest of justice and sound judicial administration, venue for this matter more properly lies in the District for the District of Columbia, the Court directs plaintiff The Wackenhut Corporation ("Wackenhut") to respond by November 12, 2007, in a letter to the Court not to exceed three (3) pages, showing cause why this matter should not be transferred to the District for the District of Columbia pursuant to 28 U.S.C. § 1404(a); and it is further hereby

**ORDERED** that Wackenhut serve a copy of this Order on defendant Service Employees International Union ("SEIU"), through counsel if known, and that SEIU may respond by letter not to exceed three (3) pages submitted to the Court by November 15, 2007.

**SO ORDERED.**

DATED:   NEW YORK, NEW YORK
         6 November 2007

                                   Victor Marrero
                                      U.S.D.J.